In re EURO–PIRATES INTERNATION- AL, INC. Charles Darwin Slater, Sr. d/b/a Charles D. Slater Enterprises, Debtors.

Bankruptcy Nos. 79–856, 79–857.

United States Bankruptcy Court, E.D. Louisiana.

Oct. 28, 1981.

Edward M. Heller, New Orleans, La., for debtors.

Steven Gremminger, Justice Dept., Washington, D.C., for U.S., I.R.S.

IN PROCEEDINGS FOR AN ARRANGE- MENT UNDER CHAPTER XI OF THE BANKRUPTCY ACT

THOMAS H. KINGSMILL, Jr., Bankruptcy Judge.

### REASONS FOR JUDGMENT

This proceedings in bankruptcy was commenced on June 1, 1979 upon the filing of the debtors' petition. On September 11, 1980 the Internal Revenue Service filed an amendment to its Proof of Claim dated May 2, 1980 and claimed the following items:

| | assessed | |
|---|---|---|
| Withholding and FICA for the 1st quarter, 1979 | 06/18/79 | $12,208.30 |
| Withholding and FICA for 2nd quarter, 1979 | assessed 10/01/79 | $92,992.06 |
| FUTA for 1979 | assessed 10/01/79 | $26,593.61 |
| Pre-petition penalties | | $39,931.78 |

In its objection, the debtors objected to the pre-petition penalty claim of $39,931.78, the claim for withholding and FICA tax for the 1st quarter of 1979 of $12,208.50 and the FUTA tax of $26,593.61.

Subsequent to the filing of that objection, the Internal Revenue Service, by a letter addressed to the debtor's attorney, reduced its claim as follows:

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|
| Withholding & FICA | 03–31–79 | 06–17–79 | $12,208.50 | $65.06 |
| Withholding & FICA | 06–30–79 | 10–01–79 | $92,992.06 | .00 |
| FUTA | 12–31–79 | 10–01–79 | $ 4,919.96 | .00 |

Therefore the only issue still in dispute is whether the IRS is entitled to the $12,- 208.50 it claims as withholding and FICA tax for the 1st quarter of 1979.

The facts indicate that the debtors' payment of withholding and FICA tax for the 1st quarter of 1979 was late. As of April 1, 1979, the date the tax payments were made, the penalty accrued on the tax liability was $12,208.50. According to its claim, on June 18, 1979 the service assessed debtors for withholding and FICA tax in the amount $12,208.50. By a notice of adjustment dated October 8, 1979 the service informed debtors that it had applied payments made

by the debtors on their tax obligations for the 1st quarter to the penalty which was due as of April 1, 1979 and thus there was a remaining amount of $12,208.50 in tax liabilities still due.

Debtors in their opposition have maintained that the service's claim for this amount is a claim for pre-petition penalties and under Bankruptcy Act § 57(j) the United States is prohibited from collecting such a pre-petition penalty. The Court agrees. Section 57(j) of the Bankruptcy Act provides as follows:

"Debts owing the United States or any state or subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary laws sustained by the act, transaction, or proceedings out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interests as may have accrued on the amount of such laws according to law."

This Court finds that, although the penalty obligation arose in April of 1979, the government did not attempt to collect this penalty until October 8, 1979 when it, through the issuance of a notice of adjustment, attempted to credit the $12,208.50 towards penalties. In fact, the notice itself shows that prior to the adjustment of October 8, 1979 the balance due on the debtors' account was zero and that it was only after the adjustment computation that the balance was $12,208.50. This amounted to an attempt to collect pre-petition penalties from the debtors' estates and is thus prohibited by § 57(j). See *In re Brewster-Raymond Co.,* 344 F.2d 903 (6th Cir.1965).

For the reasons assigned above the Internal Revenue Service's claim filed in this arrangement proceeding is reduced by the amount of $12,208.50.